### 32619. BRELAND *v.* THE STATE.

GARDNER, J. The defendant was convicted of assault with intent to murder. The judge of the Superior Court of Chatham County tried the case without a jury. The contention here is that the evidence fails to show that the attack on the victim was made with intent to take human life. It is elementary that, in a charge of assault with intent to murder, the burden of proving that the attack was made with intent to kill is on the State. The only question here is whether the evidence authorized the court to find that the attack was made by the defendant with intent to take human life. Briefly, but substantially, the evidence reveals that the accused, together with two other companions, on Christmas eve night stopped by the place of business of Al Wilhelm, the Blue Bird Inn, about 3½ miles from Savannah on the Ogeechee Road in Chatham County, Georgia. The three of them entered the place of business while an employee, Tompkins, of the Savannah Ice Delivery Company, was delivering ice to Wilhelm. The accused was in a highly intoxicated condition. After Tompkins had delivered the ice which Wilhelm had instructed him to deliver, the accused ordered Tompkins to put in 50 more pounds of ice. Tompkins disregarded the orders of the defendant and went into the kitchen. The defendant followed him and began to create a disturbance. In some way Wilhelm instructed that the officers of the law be notified. This seems to have enraged the defendant, and he cut Wilhelm in the groin one time with a knife. Then the defendant began chasing another person, whereupon it appears that the defendant became further enraged because Wilhelm called the officers. During the course of the rampage of the accused, he left the place of business of Wilhelm and re-entered with a rifle. The officer arrived, and while he was making an effort to arrest the defendant, the defendant resisted and struck at him. Wilhelm was carried to the hospital as a result of the wound inflicted upon him by the defendant and remained there under treatment for approximately three weeks.

There seems to have been, from all testimony from all of the witnesses present, no provocation whatsoever for the defendant to cut Wilhelm,

or reason except the defendant's dangerously drunken condition. This condition the law does not excuse. The argument of counsel for the defendant that the evidence does not show that a deadly weapon was used is without merit. The court, in passing upon the intent, may take into consideration all the facts and circumstances of the case at the time of the attack, and also the nature of the wound inflicted. All these principles are more or less elementary, and citations of authority seem to be of no avail. Suffice it to say that the evidence in this case amply authorized the court to find that the attack was made without any justification whatever, and made with legal malice and intent to kill. It is fortunate for others, as well as for the defendant, that the seriousness of his unlawful conduct did not result in more serious consequences.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*

DECIDED NOVEMBER 23, 1949. REHEARING DENIED DECEMBER· 7, 1949.

*Cowart & Cowart,* for plaintiff in error.
*Andrew J. Ryan Jr., Solicitor-General,* contra.